**Allen Ray THOMAS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 25, 1979.

Discretionary Review Denied Oct. 23, 1979.

Garis L. Pruitt, Ashland, for appellant.

Robert F. Stephens, Atty. Gen., Nancy S. Marksberry, Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, HAYES and HOWARD, JJ.

GANT, Judge.

Appellant was indicted for first-degree assault as the result of a knife attack on a man he saw driving his estranged wife to work in broad daylight. The jury convicted the appellant of third-degree assault, fixing his penalty at one year in jail and a fine of $500.00. The sole ground for reversal brought to this Court was the failure of the lower court to give an instruction on extreme emotional disturbance which, pursuant to KRS 508.040, might have reduced the offense to a Class B misdemeanor with a maximum sentence of 90 days.

All the evidence which might have justified an instruction on emotional disturbance was given by a fellow employee of the appellant who was accompanying the appellant on the day of the incident. This evidence, in the context of extreme emotional disturbance, was that the appellant, when meeting the vehicle in which the victim and the wife of the appellant were driving, made a U-turn in his truck, pursued the car at speeds of 70 miles per hour on a two-lane highway and city streets until he reached the downtown section of Ashland and then at 50 miles per hour, that appellant muttered threats against the victim during the chase, ran several red lights and drove recklessly, and that when the car stopped at the wife's place of employment he pulled up behind the car, ran to the car and beat on the window with his fist. The appellant testified that he drove normally, ran no red lights, made no threats and merely tapped on the window. His sole defense was that of self-defense.

The position of the appellant is correct when he states that it is of no consequence which witnesses place into evidence the circumstances justifying an instruction on extreme emotional disturbance. Even though the appellant denies such mitigation or defense as drunkenness, insanity, extreme emotional disturbance, etc., if the evidence as a whole, from any source, warrants an instruction embodying such a defense or mitigation, that instruction must be given. *Jewell v. Commonwealth*, Ky., 549 S.W.2d 807, 812 (1977).

In order to be entitled to the instruction requested by appellant there must be

two separate factors presented by the evidence. First, there must be evidence of extreme emotional disturbance. This can be deduced from the conduct of the defendant and not merely by his own testimony. *See Jewell, supra.* Indeed, under the Fifth Amendment privileges of the Constitution of the United States, the defendant need give no testimony.

Second, there must be a reasonable justification or excuse under the circumstances as the defendant believes them to be. It is in this requirement that appellant must fail. There is no evidence of any justification or excuse whatsoever, much less a reasonable one. The situation itself provides none. In the absence of other evidence, the mere fact that a woman is driving down a public road in broad daylight with a man other than her husband could hardly constitute justification or excuse for a knife attack upon the man. In the instant case the evidence was that the wife and appellant had been estranged for some time. There was no evidence of any reconciliation attempt—in fact, they were to meet that day to divide personal property. There was evidence that the appellant had another girlfriend. No evidence was introduced of any misconduct between the wife and the victim which was known to the appellant.

Where the situation itself provides no justification or excuse and no other evidence is presented which would give rise to a subjective determination of the situation which would furnish a justification or excuse, the court would be remiss in allowing speculation by the jury. The reasonableness of an excuse or justification must ordinarily be submitted to the jury. When there is no excuse or justification, there is nothing to submit. This case is readily distinguishable from the case of *Ratliff v. Commonwealth*, Ky., 567 S.W.2d 307 (1978), in which there was considerable evidence from outside sources such as psychiatrists concerning the emotional condition of the appellant.

The judgment is affirmed.

All concur.