Otis CREAMER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

May 1, 1981.

Grant of Discretionary Review Vacated and
Case Remanded for Final Disposition
Feb. 16, 1982.

Jack Emory Farley, Public Advocate, William C. Ayer, Jr., Deputy Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Frankfort, Stephen L. Frank, Asst. Atty. Gen., for appellee.

Before GANT, HOWARD and HOWERTON, JJ.

GANT, Judge.

Appellant was convicted of second degree assault and sentenced to confinement for 10 years as a persistent felony offender. The sole issue before us is whether it was error to refuse a tendered instruction under KRS 508.040 on assault under extreme emotional disturbance.

The incident which formed the basis for this conviction began on a day when appellant had been to court for trial on another matter. Returning home, appellant stretched out across the bed with his dog. His mother took exception to the presence of the dog, which was not housebroken, and when appellant refused to remove the animal the mother did. The appellant then slapped his mother, who slapped him back, whereupon appellant began to beat and kick his mother and was strangling her when others arrived and subdued him.

The defense in the case was insanity. After arraignment, counsel for appellant filed notice of the insanity defense. Appellant was examined by a psychiatrist, who concluded that appellant was incompetent to stand trial, and by a clinical psychologist who diagnosed him as having paranoid reaction (sub-type paranoid schizophrenia). At a hearing pursuant to KRS 504.040(4), the

court found that appellant was incompetent to stand trial and he was committed to a mental institution. Some seven months later, the court, over objection, found appellant competent to stand trial, which was then held.

■ Two separate factors are necessary for entitlement to an instruction under KRS 508.040, Assault Under Extreme Emotional Disturbance. First, there must be evidence of extreme emotional disturbance, and, second, there must be a reasonable justification or excuse under the circumstances as the accused believes them to be. *Thomas v. Commonwealth*, Ky.App., 587 S.W.2d 264, 266 (1979). There can be no question that the first factor was present in the evidence. The clinical psychologist testified that on the date of the offense appellant "was, in fact, seriously emotionally disturbed or out of contact with reality . . ."

On the second factor, it is clear that the reasonableness of the excuse or justification must be viewed through the eyes of the accused. As set out in *Thomas, supra*, it must ordinarily be submitted to a jury. Under the evidence of this case, where the victim testified that appellant, while hitting her, brought up past acts, was filled with hatred, anger and confusion, there was additional evidence of emotional disturbance. Although the removal of the dog and the ensuing slap would not seem reasonable justification to this court, the jury should have been permitted to examine this excuse through the eyes of a man who doctors and the trial judge agree was disturbed to the extent that he was confined to an institution shortly after the occurrence. The appellant was entitled to an instruction on his theory of the case and, as Justice Stephenson said in *Mishler v. Commonwealth,* Ky., 556 S.W.2d 676, 680, "No matter how preposterous . . . it raises an issue for the jury. It is not for us to decide this issue."

The judgment is reversed and the case is remanded for a new trial with directions to give an instruction on Assault Under Extreme Emotional Disturbance should the evidence in the new trial be substantially the same.

All concur.