**Melvin SHEETS, Plaintiff-Appellant,**

v.

**Robert K. KURTH, Defendant-Respondent.**

**No. 52807.**

Supreme Court of Missouri,
Division No. 1.

April 8, 1968.

P. J. Grewach, Hungate & Grewach, Troy, for appellant.

Norris H. Allen, Anderson, Gilbert, Wolfort, Allen & Bierman, St. Louis, for respondent.

HENLEY, Presiding Judge.

This is an action against a surgeon for $50,000 damages for the alleged wrongful removal of a testicle during surgery for repair of an inguinal hernia. Verdict and judgment were for defendant. Plaintiff appeals. We affirm.

Plaintiff briefs two points. The first charges error in sustaining defendant's objections to questions propounded by plaintiff on grounds not stated in the objection; the second, error in continually overruling his objections to allegedly leading and suggestive questions propounded to three defense witnesses. During oral argument counsel for plaintiff abandoned the first point briefed, frankly admitting that the trial court did not err in that respect. As to the second point, counsel candidly agrees "* * * that the use of leading questions is pretty well within the discretion of the court * * *."

A brief summary of the testimony of plaintiff and three defense witnesses will present sufficient facts for an understanding of the case. Plaintiff, married, age 58 when the operation was performed, testified that a routine physical examination in October, 1963, disclosed he had an inguinal hernia; that he consulted defendant who also found a "* * * recurring small inward

inguinal hernia, just starting to protrude * * *," and recommended surgery for its repair; that he had had surgery three times before for repair of hernias in this area; that he entered the hospital on January 3, 1964, signed a form requesting "* * * performance of the required operation and * * * such additional work as seems necessary or advisable * * *," and the surgery was performed the next day; that on the day following the operation defendant told him that in repairing the hernia he had removed the left testicle, that while "* * * it wasn't necessary to remove * * * it * * *, [it] might be in his estimation a matter of time when it would be necessary * * *;" that the doctor did not tell him before the operation that it might be necessary to remove a testicle; that had the doctor so informed him he would have required consulation with and the opinion of another doctor before agreeing to this operation; that removal of the testicle has adversely affected his capacity for sexual intercourse and his previously happy home.

Dr. Kurth, defendant, testified, in substance, that he operated on plaintiff for a recurrent left inguinal hernia, repaired it and removed the left testicle; that this was plaintiff's fourth hernia operation in this area and he found considerable scar tissue present as a result of the three prior operations; that the spermatic cord was in and adhering to this mass of scar tissue; that in his judgment these conditions required removal of the testicle during this operation for the future welfare of the patient; that he had, indeed, discussed with plaintiff before the operation the possibility of the necessity of removing the testicle; that one normal testicle is adequate and plaintiff's remaining testicle is normal.

Dr. Charles H. Nicolai testified on behalf of defendant that his speciality is urology and urological surgery; that it is his opinion, based on his physical examination of plaintiff and the detailed history and knowledge acquired from his discussion with plaintiff, that he has had a complete recovery from the surgery and is capable of and does have and engage in normal sexual reactions and relations with his wife. In response to a question apparently hypothesizing all facts pertaining to plaintiff's condition known before and acquired by defendant during the operation, Dr. Nicolai stated that in his opinion Dr. Kurth exercised that degree of skill and learning ordinarily used under the same or similar circumstances by members of his profession in good standing practicing in that locality. Apropos of the proof by way of the hypothetical question, there was no evidence to the contrary.

Dr. Dean Sauer expressed generally the same opinion as that given by Dr. Nicolai.

During defendant's direct examination (recorded on fifteen pages of the transcript) fourteen questions propounded to him were met by the general objection that the question was leading, or leading and suggestive. As stated, each objection was overruled. Direct examination of Dr. Nicolai (twenty-one pages) brought the same objection to ten questions and the same ruling. Direct examination of Dr. Sauer (thirteen pages) brought the same objection to four questions and the same ruling. Plaintiff's one point relied on for reversal relates to alleged error in the court's ruling on these twenty-eight questions. We have carefully examined and studied each; while many are not as artfully phrased as counsel, in retrospect, would no doubt desire, we find only seven which may be said to be objectionable for the reasons given.

Both parties cite Pritchard v. Thomas, Mo., 192 S.W. 956, 957 [9], and State v. Sawyer, Mo., 367 S.W.2d 585, 588 [5], as their first two authorities in support of their respective positions. The long accepted and followed general rule stated in those cases is that the "* * * approval or disapproval of leading questions is largely discretionary with the trial court and will not constitute reversible error unless discretion is abused." Harrison v. St. Louis-San Francisco Railway Co., 339 Mo. 821, 99 S.

W.2d 841, and State v. Todd, Mo., 372 S. W.2d 133, cited by plaintiff, are to like effect.

Assuming, arguendo, that all the questions referred to by plaintiff were leading and suggestive, we cannot say (considering them in context with prior questions and answers and considering the fact that these were highly intelligent witnesses unlikely to be influenced by leading questions suggesting answers) that any one question, or all, collectively, produced error prejudicial to plaintiff. It is evident that the trial court, with its opportunity to reconsider and review this contention on after trial motion, did not deem these questions objectionable or, if objectionable, that they prejudiced plaintiff. Plaintiff has not demonstrated that the court abused its discretion. We find no abuse.

The judgment is affirmed.

STORCKMAN, J., and HOLT, Sp. J., concur.

SEILER, J., not sitting.