**STATE of Missouri, Plaintiff-Respondent,**

v.

**U. D. EARVIN, Defendant-Appellant.**

**No. 37041.**

Missouri Court of Appeals,
St. Louis District,
Division One.

June 15, 1976.

Motion for Rehearing or Transfer
Denied July 9, 1976.

Application to Transfer Denied
Sept. 13, 1976.

James C. Jones, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Special Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant appeals from a judgment of conviction of murder in the second degree, and a sentence of ten (10) years imprisonment. For a reversal of his conviction, he argues that the court committed error by the erroneous (1) reception into evidence of a prior consistent statement of a state's witness, and (2) allowing into evidence improper rebuttal testimony on collateral matters. We affirm.

From the evidence a jury could have reasonably found that defendant shot and killed the victim, Rufus Mack, a fellow em-

---

ployee, because of a dispute as to the winner of a bet on a bowling machine. The dispute arose at a local tavern and restaurant near their place of employment; however, the fatal, senseless homicide occurred at the local baseball stadium.

After the dispute, defendant made threats in the presence of witnesses that if Mack did not give him his money, he was going to shoot him in the a——. Defendant then left the tavern, but returned shortly thereafter. Upon defendant's return, according to witness Benjamin Hall, defendant came into the bathroom and began to discuss the dispute. Hall testified that he told defendant a $5.00 bet was not worth the trouble; that defendant showed him a revolver, and said he was going to the ball park "and shoot that rat in the a——."

On cross-examination of Hall, the defense, by the use of a transcript of a previous trial, put before the jury admissions of Hall that the witness (1) did not talk to the defendant about getting into trouble over the bet; (2) did not remember seeing a weapon; (3) did not remember seeing defendant at the tavern that evening; (4) did not remember seeing defendant in the bathroom; and (5) did not remember hearing defendant threaten Rufus Mack.

To counter the defense's cross-examination of Hall, the state, over objections of the defendant, questioned Hall on redirect about his earlier statements made at the coroner's inquest which were consistent with his trial testimony. Each statement elicited was within the scope of the inconsistent statements introduced by the defense on cross-examination.

■ Defendant's argument that Hall was not impeached borders almost upon the frivolous—nor do we agree with defendant that Hall was not impeached because defendant did not formally introduce the transcript of the previous trial containing Hall's statements. Since Hall admitted the prior inconsistent statements, not only was formal introduction of his statements unnecessary but also they were inadmissible.

*State v. Wallach,* 389 S.W.2d 7, 12–13 (Mo. 1965). Nor does *McElhattan v. St. Louis Public Svc Co.,* 309 S.W.2d 591 (Mo.1958) support defendant's contentions. In *McElhattan,* the witness, unlike the instant case, denied making the prior inconsistent statements. We agree that until a witness is impeached, admission of prior consistent statements is improper and self-serving. But, here, Hall was impeached on cross-examination since he admitted the making of prior statements contrary to his present trial testimony. Consequently, we hold that once a prior inconsistent statement has been introduced, thereby impeaching the witness, it is not error for the court to allow a prior consistent statement to be used for the purpose of rehabilitating the witness. *Piehler v. Kansas City Public Svc Co.,* 360 Mo. 112, 226 S.W.2d 681, 683–84 (1950) and *State v. Emrich,* 250 S.W.2d 718, 724 (Mo. 1950). Likewise, under similar circumstances, in *State v. Emma,* 324 Mo. 1216, 26 S.W.2d 781 (1930), the court ruled: ". . . [W]itness . . . had been impeached, on cross-examination, by proof of his contradictory testimony at the preliminary hearing, it was proper to permit him . . . to testify as to his prior statements consistent with his testimony at the trial, for the purpose of rehabilitation. . . ." Id. at 784.

■ To place defendant's next allegation of error in the proper context, we note that the core issues in the case were whether defendant (1) mortally wounded Rufus Mack with premeditation and malice aforethought, and (2) shot the victim in self-defense. Thus, to rebut the state's evidence that defendant returned to the tavern after the dispute over the bet and went to the ball park in search of Rufus Mack to take his life, defendant testified that he returned to the tavern not to find Rufus Mack, but to collect a $10 bet he had with Robert Bennett that was held by Lewis Jackson. To rebut this testimony, the state put Robert Bennett on the stand who testified that Rufus Mack was the stakeholder, not Lewis Jackson.

Defendant argues that Bennett's testimony is improper rebuttal upon a collateral matter. Not so. Defendant's purpose of returning after the dispute shed light and was relevant upon the issue of premeditation and malice aforethought. Moreover, we note that the defendant, not the state, first introduced evidence as to the identity of the stakeholder of the bet between him and Bennett. Thus the state in no way extended the scope of the trial by introducing evidence to contradict defendant's testimony. In any event, the question of the collateral nature of testimony, the admissibility of rebuttal testimony rests in the sound discretion of the court. Here we find no abuse of discretion since the admitted testimony of Bennett tended to refute the defendant's statement that he had returned to the tavern to collect $10 from Lewis Jackson. In *State v. Williams*, 442 S.W.2d 61, 65 (Mo. banc 1969), our Supreme Court said: "*Any competent testimony that tends to explain, counteract, repel or disprove* evidence offered by defendant may be offered in rebuttal of the defendant's testimony or evidence . . . [U]nless the court abuses its discretion, *or the defendant's rights are prejudicially affected, an appellate court will not reverse . . .*." (Emphasis added.) We find neither any evidence of abuse of discretion nor any evidence presented by defendant to show how his case was prejudicially affected. Thus we reject this claim of error.

Judgment affirmed.

WEIER, P. J., and KELLY, J., concur.