STATE of Missouri, Respondent,

v.

Robert BIENKOWSKI, Appellant.

No. 43410.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 15, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

Mary K. Wefelmeyer, Joseph W. Downey, Asst. Public Defenders, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Kristie Green, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from a jury conviction of first degree assault. The jury was instructed on first and second degree assault and self-defense. Instructions on the defense of intoxication (MAI–CR.2d 3.30.1) and mitigation of assault because of extreme emotional disturbance (MAI–CR.2d 19.02 and 19.03) were refused. Defendant alleges error in the refusal of those instructions and their corresponding verdict directors. We affirm.

On December 21, 1979, Ronald Townsend met his wife, daughter, mother and his mother's friend Jim at a tavern shortly after 11:00 p. m. Shortly thereafter, they left the tavern and went to a restaurant.

Upon arriving at the restaurant's parking lot, Ronald and his wife heard a group of six to eight teenagers singing Christmas carols. Ronald called across the lot, "[w]here did you use the money that your mother gave you for singing lessons?" The boys responded "[w]e spent it," and laughed. Just then another boy came from the restaurant and asked, "[y]ou don't like my buddies' singing?" Ronald's wife assured him, "[h]e doesn't mean anything, he's just kidding around."

Ronald heard shouting and cursing and saw Jim on the ground. He ran toward his wife and daughter at the rear of his car. As he reached the back of the car, defendant shot him. The teenagers, including defendant, ran and dispersed. Ronald suffered a severe abdominal wound.

Defendant asserts he was intoxicated at the time he shot Ronald. He suggests error in failure of the trial court to give MAI–CR.2d 3.30.1. This intoxication instruction had to be given if defendant was prevented by his intoxication from acting knowingly in shooting Ronald.

Voluntary intoxication operates as a defense by negating entirely the "knowingly" element of a crime. Section 562.-076.1(1), RSMo. 1978. A person acts "knowingly" with respect to his conduct when he is aware of the nature of his conduct. Section 562.016, RSMo. 1978. To support an instruction on this defense, evidence must be presented that tends to show defendant was so intoxicated that he did not know what he was doing. Note on Use 4, MAI–CR.2d 3.30.1. It is not every degree of intoxication that is a defense. *State v. Gullett*, 606 S.W.2d 796, 805 (Mo.App. 1980). In deciding whether to give this instruction, defendant is entitled to the benefit of his evidence and the inferences flowing from it. *State v. Harris*, 598 S.W.2d 200, 203 (Mo. App. 1980). His evidence shows:

On the day of the assault, between 4:00 p. m. and 7:00 p. m., defendant shared a six-pack of beer with his younger brother. During the next five hours leading up to the assault, defendant drank 9 to 12 more beers. Defendant was 19 years old, about 5′ 11″ tall, and weighed about 160 pounds. He was drinking every day and was having problems with drinking. Defendant said he was intoxicated, however, he testified too much. He was able to recount the incident and the story of the night's events. He named five of his companions present, pointed out the progress of the dispute on a map of the restaurant's parking lot, and provided several quotes from the parties involved. His recall belies his intoxication theory. There was no substantial evidence of the severe intoxication required by § 562.076.1(1), hence the trial court properly refused an instruction on that issue. Defendant did not carry his burden of "injecting the issue." Section 562.076.2, RSMo. 1978.

Finally, defendant says he was improperly convicted of assault in the first degree. He maintains he was acting under the influence of extreme emotional disturbance within the meaning of § 565.060(3)(a). He asserts error in the refusal of the trial court to give his offered instructions on this issue, MAI–CR.2d 19.02 and 19.03 and corresponding verdict director.

Section 565.060(3)(a), RSMo. 1978 was enacted as proposed by the Committee to Draft a Modern Criminal Code. That committee's comment to this section states that the mitigating factor of extreme emotional distress here is the same as in their proposed (but not enacted) manslaughter section:

> It allows for reduction in the grade of the crime (but not exculpation) if the jury finds that the situation was such that a reasonable man in defendant's situation would have been extremely upset and consequently that the [assault] ... was attributable in part to the situation and not entirely to the defendant's evil disposition.

Proposed Criminal Code for the State of Missouri, West 1973, p. 123.

There must be a reasonable explanation or excuse for the *extreme* emotional disturbance, and we view the incident from the vantage of the *ordinary* person in defendant's situation under the circumstances as defendant believed them to be. Section 565.060.3(a), RSMo. 1978.

Defendant left home with a six-pack of beer and a loaded pistol. About an hour before the assault he had a quarrel with his girlfriend. Later he instigated an altercation with Ronald's wife. When Ronald pushed and cursed him, he warned he had a gun and would use it. As Ronald reached for his pocket, defendant feared for his life, panicked and shot him.

The mitigation of *extreme* emotional disturbance is available to the *"ordinary"* person caught up in events out of his control. The defendant cannot hide behind reactions he himself set in motion. The "ordinary" person is not belligerent. This situation *was* set up by defendant's "evil disposition," and there was no reasonable justification for defendant's actions. *See, Thomas v. Commonwealth*, 587 S.W.2d 264 (Ky.App. 1979). There was insufficient support for the *extreme* emotional disturbance instruction.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.