STATE of Missouri, Respondent,

v.

Eddie JACKSON, Appellant.

No. 48203.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 28, 1984.

Thomas R. Motley, Public Defender, Hannibal, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Eddie Jackson, appellant herein, was convicted by a jury in the Circuit Court of Clark County for stealing § 570.030 RSMo (Supp.1982), and trespass in the first degree § 569.140 RSMo 1978. He was sentenced by the trial court to ten years and one day's imprisonment in the Missouri Department of Corrections.

On appeal, appellant contends that the trial court erred in: (1) Failing to declare a mistrial when the prosecuting attorney questioned appellant about a previous conviction, in that such questions were asked for the sole purpose of prejudicing the jury against appellant; (2) in sentencing appellant to a term of ten years, to be served

consecutively with other sentences previously imposed on appellant, in that the sentence is excessive, constitutes an abuse of discretion, and further constitutes cruel and unusual punishment in violation of the 8th Amendment of the United States Constitution and Article I, Section 21 of the Missouri Constitution; (3) in overruling appellant's motion for judgment of acquittal in that the evidence failed to show that appellant appropriated property with a value of $150.00 from the owner thereof without his consent. We affirm.

The essential facts of the case are undisputed. Undercover police officer Harve Danks, an officer with the Marion County Sheriff's Department, conversed with appellant on several occasions in November of 1982. During those conversations, Danks learned of appellant's plan to steal certain items from a house near Hannibal, Missouri. On the night of the stealing incident, Danks drove appellant and a friend of appellant's to the driveway of the residence. The latter two left the car, carrying a crowbar and flashlight.

Danks drove around for approximately an hour before appellant and the friend returned, each carrying several items bundled in sheets. Danks purchased some of the items from appellant and also retained one-third as his own share; the value of these items was between five hundred and one thousand dollars. Appellant was subsequently tried and convicted for stealing and trespass in the first degree.

Because appellant failed to object at trial to the error alleged in his first point on appeal and also failed to include that error in his motion for new trial, this court may review the point for plain error only if it finds that manifest injustice or a miscarriage of justice has resulted. Rule 29.12. Appellant claims that the trial court committed plain error by allowing the prosecuting attorney to question him in the following manner:

Q: Mr. Jackson, you realize if you are convicted here today there is a possibility you will be sent to the penitentiary?

A: Yes, sir.

Q: You've been there before, haven't you?

A: Yes, sir, I have.

It should be noted that appellant's prior felony convictions were originally brought out during direct examination, while the prosecutor's questions were asked later during cross examination.

It is clear from the record that the prosecutor's questions were intended to establish appellant's lack of credibility as a witness. Section 491.050 RSMo (Supp. 1983) states that any prior criminal conviction may be proved to affect a defendant's credibility as a witness. Further, that statute has been interpreted by Missouri courts to authorize the prosecutor to elicit the sentences resulting from prior convictions. *State v. Sanders*, 634 S.W.2d 525, 527 (Mo. App.1982). It is obvious, then, that the trial court did not commit plain error in allowing the prosecutor's questions. Appellant's first point on appeal is without merit.

Appellant also claims that the trial court erred in sentencing him to a term of ten years to be served consecutively with other sentences previously imposed on him. Appellant contends that such a sentence is excessive, constitutes an abuse of discretion, and further constitutes cruel and unusual punishment in violation of both the United States and the Missouri Constitutions.

In reviewing a sentences of imprisonment, this court cannot judge as excessive that punishment which is within the range prescribed by statute. *State v. Repp*, 603 S.W.2d 569, 571 (Mo. banc 1980). Further, where a defendant is convicted of separate offenses and the sentences imposed are within statutory limits, the consecutive effect of the sentences does not constitute cruel and unusual punishment. *State v. Repp*, 603 S.W.2d at 571. In the present case, the trial court sentenced appellant to ten years and one day's imprisonment as a persistent offender upon his conviction for stealing § 570.030 RSMo (Supp.1982). That statute provides in part:

3.  Stealing is a class C felony if:
    (1) The value of the property or services appropriated is one hundred fifty dollars or more;

Appellant was proved to be a persistent offender on the basis of his two prior convictions. Section 558.016 RSMo (Supp. 1983) states:

6.  The total authorized maximum terms of imprisonment for a persistent offender or a dangerous offender are:
    (3) For a class C felony, a term of years not to exceed fifteen years;

Because appellant was sentenced well within the statutory range, the trial court did not err in so sentencing him. Appellant's second point on appeal is also without merit.

Finally, appellant claims that the trial court erred in overruling his motion for judgment of acquittal, in that the evidence failed to show that appellant appropriated property with a value of $150.00 from the owner thereof without his consent. At trial, Officer Danks was the only witness to testify as to the events that occurred on the night of the stealing incident. The thrust of appellant's argument is that Danks' uncorroborated testimony alone was insufficient to sustain appellant's convictions.

In reviewing the sufficiency of the evidence where such evidence is purely circumstantial, this court must consider the evidence and its reasonable inferences in a light most favorable to the state and disregard all evidence to the contrary. *State v. Pickett,* 642 S.W.2d 703, 705 (Mo.App. 1982). A review of the record clearly shows that Officer Danks' testimony was sufficient to establish the constituents of § 570.030 RSMo (Supp.1982), which reads in part:

1.  A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion.

Further, the testimony of a single witness may be sufficient to constitute substantial evidence to make a submissible case. *State v. Williams,* 652 S.W.2d 102, 111 (Mo. banc 1983). We believe that, in the present case, Officer Danks' testimony alone was sufficient to constitute substantial evidence so that appellant's third point on appeal is also without merit.

Judgment affirmed.

SIMON and CRIST, JJ., concur.