**STATE of Missouri, Respondent,**

v.

**James Alex HAJEK, Appellant.**

**No. 50081.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 16, 1986.

David L. Hoven, Pacific, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

James A. Hajek, defendant, was found guilty by a jury of assault in the first degree, § 565.050 RSMo 1978, and was sentenced to ten years' imprisonment as a persistent offender. Defendant raises two points on appeal. In his first point, defendant argues that the trial court erred in refusing to give the self-defense instruction. Secondly, defendant alleges error because the trial court refused to submit the instruction for extreme emotional disturbance. Finding defendant's allegations to be without merit, we affirm.

A brief review of pertinent facts suffices. On the evening of June 14, 1984, the defendant and Gary E. Shelton, the victim, were patrons of Pearl's Tavern in Maplewood, Missouri. A fight broke out between the defendant and Shelton. After a series of blows, Shelton ran out the back door of the tavern. The defendant and his friends, Russell Barco and Larry Hoak, left

the tavern and entered Barco's car. Defendant then exited the car and returned to the tavern. Shelton, who had re-entered the tavern in order to call the police, was hit from behind as he stood at the tavern's pay phone. Two of the State's witnesses testified that defendant re-entered the bar and struck Shelton with an instrument resembling a bumperjack.

▨▨▨ Defendant alleges that the self-defense instruction should have been submitted to the jury. If there is substantial evidence to put self-defense in issue, the trial court must instruct the jury on self-defense. This duty arises regardless of whether the defendant requests the instruction or irrespective of the source of the evidence. *State v. Fincher*, 655 S.W.2d 54, 58 (Mo.App.1983); *State v. Isom*, 660 S.W.2d 739, 742 (Mo.App.1983). The evidence must be viewed in the light most favorable to defendant's theory of self-defense. *State v. Ehlers*, 685 S.W.2d 942, 948 (Mo.App.1985).

Defendant did not take the stand at trial. To present his version of the facts, he relies on the testimony of his two friends, Larry Hoak and Russell Barco. According to these witnesses, Shelton initiated the fight by purposefully obstructing defendant's path to the tavern's restroom, uttering an epithet and pushing defendant when he left the restroom. Shelton's testimony, and that of other State's witnesses, disputes defendant's claim that Shelton initiated the altercation. However, it is undisputed that Shelton ran out of the tavern and that defendant also retreated and entered Barco's car. Furthermore, defendant offered no testimony to rebut the evidence that he assaulted Shelton with a bumperjack.

▨▨▨ Self-defense is an affirmative, intentional act founded in real or apparently real necessity. *State v. Adkins*, 537 S.W.2d 246, 249 (Mo.App.1976). In order to claim self-defense, the defendant (a) must not have provoked or been the aggressor in the assault; (b) must have reasonable grounds for the belief that he is faced with immediate danger of serious bodily injury; (c) must not use more force than that which appears reasonably necessary; and (d) must do everything in his power consistent with his own safety to avoid the danger and must retreat if retreat is practicable. *State v. Christie*, 604 S.W.2d 806, 808 (Mo.App.1980). Further, where a defendant continues or renews the altercation when he had an opportunity to abandon or decline further, he becomes the aggressor, even though he was not at fault in the original struggle. Under such circumstances, self-defense is not justified. *State v. Adkins*, 537 S.W.2d at 250.

▨▨▨ The evidence indicates that defendant removed himself from the struggle when he left the tavern and entered Barco's car. Defendant renewed and continued the fight, however, when he exited the car and assaulted Shelton. He thereby became the aggressor, regardless of whether he was at fault in the earlier struggle. The jury could properly find defendant guilty of first-degree assault on these facts. We hold that the trial court did not err in denying the self-defense instruction. This point is denied.

Defendant argues in his second point that the trial court erred in refusing to submit the extreme emotional disturbance instruction, since he contends that the evidence was sufficient to warrant submitting the issue to the jury. He notes that the effect of receiving the extreme emotional disturbance instruction is to also receive the instruction for the lesser offense of assault in the second degree.[1]

The "extreme emotional disturbance" language under § 565.060.1(3)(a), RSMo 1978,[2] has been interpreted to apply to situ-

**1.** For assaults committed prior to August 13, 1984, we apply MAI–CR 2d 19.02–79, Notes on Use, par. 5, pursuant to MAI–CR 2d 19.02.1–84, Notes on Use (1984 Revision), par. 1(A). Notes on Use, par. 5, states that if evidence of extreme

emotional disturbance is introduced, the court must give instructions on second degree assault, MAI–CR 2d 19.04.1.

**2.** Section 565.060.1(3)(a) was amended in 1983. Since the instant assault occurred before the

ations in which a reasonable person in defendant's situation is extremely upset and the assault is attributable in part to the situation rather than entirely to the defendant's evil disposition. *State v. Ehlers*, 685 S.W.2d at 951.

In addition, to warrant the mitigation of extreme emotional disturbance there must be a reasonable explanation or excuse for the assault. The incident is evaluated from the viewpoint of an ordinary person in the actor's situation under the circumstances as the actor believes them to be. Section 565.060.1(3)(a), RSMo 1978; *State v. Bienkowski*, 624 S.W.2d 107, 109 (Mo.App.1981); *State v. Thomson*, 705 S.W.2d 38, 40 (Mo.App.1985).

The ordinary person does not seek retribution. Defendant offered no evidence that he was compelled by circumstances beyond his control to commit the bumperjack assault on Shelton. By consciously and deliberately deciding to exit the car and renew the fight, defendant acted pursuant to his evil disposition. There can be no reasonable explanation or excuse for defendant's conduct. There was insufficient evidence to warrant giving the extreme emotional disturbance instruction.

The judgment of the trial court is affirmed.

KAROHL, P.J., and SIMON, J., concur.

amendment took effect, we apply the controlling law at the time of the assault. *See* § 565.-

060 RSMo Cum.Supp.1984.