STATE of Missouri, Respondent,

v.

Charles E. COOK, Appellant.

No. WD 38354.

Missouri Court of Appeals,
Western District.

March 10, 1987.

William E. Shull, Derby, for appellant.

Kenneth J. Berra, Ray Co. Pros. Atty., Richmond, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

LOWENSTEIN, Judge.

From a conviction of third degree assault and a sentence of a thousand dollar fine, Cook appeals. Because of conceded error in the verdict director, a new trial must be given. Cook also raises a point on appeal of the evidence being insufficient, so a recitation of the facts is in order to determine if the defendant is entitled to discharge.

The facts are basically the same as reported in the appeal following the first trial of this case. In *State v. Cook,* 696 S.W.2d 814 (Mo.App.1985), Cook had been charged, among other offenses, with first degree assault and the jury found him guilty of third degree assault based on Cook shooting the victim Oglesby in the neck following an altercation involving an incident on a highway in Ray County. Oglesby's wife was driving a truck. A pickup driven by Cook pulled in front of Oglesby's vehicle. Evidence favorable to the verdict indicated Cook came from a side road, pulled out in front and caused Mrs. Oglesby to apply the brakes. When the Oglesby vehicle attempted to pass, the Cook truck pulled over in front of Oglesby. Soon both vehicles came to a halt on the shoulder of the road. The victim walked back to the Cook truck to find out what had been going on. Cook exited his vehicle and threatened to kill Oglesby with a gun. Cook raised a pistol and the victim suffered a gunshot wound to the neck. Hearing the victim's moan, his wife got out of the truck and was threatened by Cook. Cook's account has been that the victim came back to his car, started beating him and the pistol went off accidentally. The initial third degree assault conviction was reversed for the failure to give an accident instruction on the defendant's behalf. The opinion of this court also directed the trial court to instruct on self-defense.

After remand for new trial, the state filed an information charging Cook with assault in the third degree, a class A misdemeanor under § 565.070.1(2) RSMo 1978. The charge was that Cook, with criminal negligence, caused physical injury to Oglesby by means of a deadly weapon. The jury was instructed "criminal negligence" meant when a person, "fails to be aware of a substantial and unjustifiable risk that circumstances exist or a result will follow, and such failure constitutes a gross deviation from the standard of care which a

reasonable person would exercise in the situation."

Cook alleges and the state admits that on retrial the verdict director failed to give any cross reference to the separate instructions on accident and self-defense.

■ Rule 28.02(c) requires use of the Missouri Approved Criminal Instructions, and in part (e) failure to follow applicable instructions or the Notes on Use constitutes error, the prejudicial effect to be judicially determined. MAI–CR2d 2.04, applicable to the case at bar, covers the construction of verdict directing instructions. The Notes on Use require a cross-reference to each special negative defense on which a separate numbered paragraph has been given. Such was not done here. Where the command of the Notes are not followed, the judgments of conviction will be reversed on appeal. *State v. Nunn,* 646 S.W.2d 55, 58–9 (Mo. banc 1983). Even though Cook's defense was in other instructions, it is judicially determined that the failure to cross-reference was prejudicial. *State v. Scott,* 649 S.W.2d 559, 561 (Mo.App.1983); *State v. McClure,* 632 S.W.2d 314, 317 (Mo.App.1982).

The prosecutor reads *Rose v. Clark,* 478 U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), to indicate that the instructional error here was harmless. In *Rose,* the defendant had killed his ex-wife and a friend and was convicted of first degree and second degree murder as to the two crimes. *Rose v. Clark* arose out of Rose's federal habeas proceedings following unsuccessful state appeal. Rose had contended the charge to the jury that "all homicides are presumed malicious in the absence of evidence which would rebut the implied presumption[.]", impermissably shifted the burden of proof as to malice. 478 U.S. at ——, 106 S.Ct. at 3104, 92 L.Ed.2d at 468. The Supreme Court reaffirmed that not all errors of constitutional dimension automatically call for reversal, citing to *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The court held that under *Chapman* a court must review on the whole record to see if the error is harmless beyond a reasonable doubt. *Id.*

478 U.S. at ——, 106 S.Ct. at 3109, 92 L.Ed.2d at 474. After noting the evidence of guilt was strong in *Rose* and the defendant had otherwise received a fair trial, the matter was remanded to the Court of Appeals to review under *Chapman. Id.* at ——, 106 S.Ct. at 3110, 92 L.Ed.2d at 475.

The prosecutor here says Cook received a fair trial in all respects and thus the verdict director's failure to cross-reference was harmless error. This court does not read nor interpret *Rose* as excusing a failure to comply with the law of this state which absolutely requires the verdict director to specifically mention the instructions of accident and self-defense. This point calls for reversal and a new trial, *State v. Nunn, supra.* The error here is not deemed harmless. This disposition negates a detailed discussion of Cook's next point. He asked for a reversal because third degree assault is not a lesser included offense of first degree assault. After the reversal of the first trial, the state refiled only on third degree. This point is denied.

■ In his final point concerning sufficiency of the evidence, Cook complains he was guilty of an intentional assault, if anything, and therefore not criminally negligent as charged. He ignores the evidence that he got out of his truck with a gun which went off during the discussion or scuffle with the victim. There was testimony from another witness that the weapon possibly could have gone off without being cocked. This point is denied.

The judgment is reversed and the case remanded for a new trial.

All concur.