STATE of Missouri,
Plaintiff–Respondent,

v.

William J. ADAMS, Jr.,
Defendant–Appellant.

No. 51867.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 3, 1987.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1987.

Application to Transfer Denied
Jan. 20, 1988.

William J. Adams, Jr., pro se.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Judge.

William J. Adams appeals from the judgment of the trial court entered on a jury verdict convicting defendant of two counts of assault in the first degree, in violation of § 565.050, RSMo 1986; one count of burglary in the first degree, in violation of § 569.160, RSMo 1986; one count of unlawful use of a weapon, in violation of § 571.030.1(4), RSMo 1986; and three counts of armed criminal action, in violation of § 571.015, RSMo 1986. The trial court sentenced defendant to a total of forty-five years in the Missouri Department of Corrections. We affirm the judgment.

The evidence presented at trial disclosed the following facts. On the morning of June 16, 1985, in violation of a court order to stay away from his wife's premises, defendant approached Leslie Adams' trailer. After jumping onto the front porch of the trailer, defendant pulled out a gun and pointed the gun at Steve Saeuberlich's head. Defendant shot Steve Saeuberlich in the shoulder. At that time, Leslie Adams ran into her bedroom in the trailer and defendant pursued her. Defendant pushed her onto the floor and pointed the gun to the back of her head. He threatened her by saying, "[y]ou are going to die, bitch, you are going to die."

Steve Saeuberlich then entered the bedroom and attempted to remove the gun from defendant. Leslie Adams fled to her neighbor's trailer for assistance. During this time, defendant shot Steve Saeuberlich behind his ear. When defendant ran out of bullets he used his gun to whip Steve Saeuberlich, and defendant also bit his left ear and his nose.

A neighbor entered Leslie Adams' trailer while his wife called the police. A struggle ensued between defendant and the neighbor. As the neighbor pinned defendant against the trailer, the police pulled up to the trailer and arrested defendant. Once again defendant threatened Leslie Adams by saying, "[y]ou are next. I didn't get you. Somebody will."

Defendant's first point of error alleges the trial court committed plain error by failing to give a separate instruction on influence of sudden passion arising out of adequate cause. Defendant argues this failure to instruct denied him a fair trial.

■ The plain error Rule 29.12(b) provides for discretionary appellate review of plain errors affecting substantial rights, even though defectively preserved for review, in order to prevent a manifest injustice or a miscarriage of justice. An instructional error will be considered plain error if we find the trial court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice or a miscarriage of justice. *State v. Davis*, 675 S.W.2d 652, 656 (Mo.App. 1984).

■ The plain error rule is applied sparingly and is limited to cases in which the defendant demonstrates a strong, clear showing of manifest injustice. *State v. Valentine*, 646 S.W.2d 729, 731 (Mo.1983); *State v. Groves*, 646 S.W.2d 82, 83 (Mo. banc 1983). Despite defendant's assertion of plain error, there was no attempt to show that the alleged error caused manifest injustice by offering any testimony demonstrating adequate provocation to act under the influence of sudden passion. Defendant cites insubstantial evidence to support the giving of the instruction on influence of sudden passion arising out of adequate cause. His evidence consisted of his mother's testimony concerning his depression. Defendant submitted no evidence to show he was compelled by the circumstances beyond his control to go to Leslie Adams' trailer, in violation of a court order to stay away, and upon arrival, to immediately begin his assault. Defendant failed to demonstrate a strong, clear showing of manifest injustice because of the trial court's failure to give the separate instruction on influence of sudden passion arising out of adequate cause.

Defendant's reliance on *State v. Nunn*, 646 S.W.2d 55 (Mo. banc 1983), is misplaced. Unlike the case at bar, the defendant in *Nunn* submitted ample evidence to support the giving of his requested instruction on extreme emotional disturbance. *Id.* at 58. As a result, the trial court in *Nunn* erred "in failing to give such an instruction directing a verdict of not guilty of assault in the first degree upon a finding for defendant on the issue of extreme emotional disturbance, as required by Note on Use No. 5." *Id.* By only submitting this issue in the main verdict director, the trial court violated the mandate of Note on Use No. 5 by not submitting this issue "to the jury a second time in a separate and independent instruction directing the jury's attention to that issue." *Id.* The case at bar is distinguishable, however, because defendant failed to make a submissible case to support the giving of his requested instruction. Point one is denied.

Defendant's second and third points of error allege the trial court placed him in double jeopardy by trying him "for flourishing a dangerous and deadly weapon when [he] was convicted of several armed criminal action convictions" and by trying him for multiple counts of armed criminal action arising out of the same incident.

In support of the conviction of one count of flourishing a dangerous weapon under § 571.030.1(4), the evidence shows defendant arrived at Leslie Adams' trailer waiving a gun in the presence of Leslie Adams and Steve Saeuberlich, as well as several children. Upon entering the trailer, defendant used the gun in the assault of Leslie Adams and Steve Saeuberlich. At the time of entry, he committed a burglary in the first degree, in violation of § 569.160.

■ The trial court properly submitted three separate counts of armed criminal action, two counts of assault and one count of burglary as the underlying felonies, because defendant used a dangerous weapon to execute three separate felonies, each punishable by a statutory section and each having an element not common to the other. "Each time a dangerous instrument is employed to effectuate certain felonies, the crime of armed criminal action is committed." *State v. Cooper*, 712 S.W.2d 27, 31 (Mo.App.1986). Each of the above acts constituted a separate and distinct statutory offense with each act having an element not common to the other. *State v. Charles*, 612 S.W.2d 778, 781 (Mo. banc), *cert. denied*, 454 U.S. 972, 102 S.Ct. 522, 70 L.Ed.2d 392 (1981). When committing one act, a defendant may violate more than one statute or commit more than one offense. *Id.* The trial court properly convicted defendant on three counts of armed criminal action and one count of flourishing a dangerous weapon, all of these crimes committed by the use of the same weapon, within the same transaction, without subjecting defendant to double jeopardy.

■ Defendant further questions the propriety of being convicted of three separate armed criminal actions, because all three stemmed from one incident lasting only a few seconds. The amount of time elapsing is not determinative of whether a separate offense has been committed. The applicable test is whether each offense necessitates proof of a fact which is not required to support a conviction on the other. *Charles, supra*, at 781. In the case at bar, the trial court properly convicted defendant of three separate offenses of armed criminal action.

■ Defendant's double jeopardy argument is without merit. "The Double Jeopardy Clause, standing alone, does not preclude cumulative punishments for acts committed on a single victim or in a single transaction. *Cooper, supra*, at 31. By enacting the armed criminal action statute, § 571.015, RSMo 1978, our state legislature has specifically authorized the imposition of cumulative sentences in a single trial in cases where a dangerous instrument or a deadly weapon is employed to effectuate a felony. *Id.* A separate offense of armed criminal action is committed each time a dangerous instrument is used to execute certain felonies. *Id.* The trial court properly imposed multiple convictions of armed criminal action. Points three and four are denied.

In defendant's fourth point on appeal, he argues his conviction of assault in the first degree was improper, because he was charged with a class B felony but tried for a class A felony. Defendant's contention is without merit.

Section 565.050, RSMo 1986, defines first degree assault as follows:

1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.

2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony.

Defendant was charged with two counts of first degree assault in violation of § 565.050. First degree assault can be either a class A or a class B felony with the distinguishing factor being whether serious physical injury is inflicted on the victim. § 565.050. Defendant's claim that he was charged with the class B felony of first degree assault contradicts the wording of the two assault counts.[1] Moreover, classification as a class A felony only enhances the punishment, but does not change the charged offense of assault in the first degree. *State v. Clemmons*, 682 S.W.2d 843, 846 (Mo.App.1984). The jury did not find that defendant inflicted serious physical injury on the victim, and so, the convictions were for the class B felonies of first degree

assault. Defendant's claim is therefore without merit.

Defendant's reliance on *State v. Badakhsan*, 721 S.W.2d 18, 19–20 (Mo.App.1986), is misplaced. In the case at bar, defendant was charged, tried and convicted for first degree assault under § 565.050. The defendant's convictions in *Badakhsan*, however, were for crimes not charged, and therefore, violated his due process rights. *Id.* Point denied.

Defendant's fifth point[2] on appeal violates Rule 30.06(d) by failing to state "wherein and why" the rulings of the trial court are claimed to be erroneous. We owe no duty to defendant to sift through the transcript and argument portion of his brief to ascertain "wherein and why" the action or ruling of the trial court is allegedly erroneous. *State v. Rainwater*, 602 S.W.2d 233, 235 (Mo.App.1980). A point relied on which cannot be comprehended from reference to the point alone preserves nothing for appellate review. *Id.* at 236.

Defendant in his final point contends the trial court "was without jurisdiction to impose or receive a verdict on the armed criminal action convictions" because the jury acquitted defendant of the underlying class A felonies of first degree assault, upon which the armed criminal action charges were based. Defendant's contention is without merit.

Defendant was charged by information with two counts of the class A felony of first degree assault. Defendant was also

---

1. COUNT I

The Prosecuting Attorney of the County of St. Charles, State of Missouri, charges that the defendant William Adams, Jr. in violation of Section 565.050 RSMo., committed the *class A felony* of assault in the first degree punishable upon conviction under Section 558.011.1(1), RSMo., in that on or about the 16th day of June, 1985, in the County of St. Charles, State of Missouri, the defendant attempted to kill or cause serious physical injury to Steve Saeuberlich by shooting him, and in the course thereof inflicted serious physical injury on Steve Saeuberlich.

COUNT VI

The Prosecuting Attorney of the County of St. Charles, State of Missouri, charges that the defendant William Adams, Jr. in violation of Section 565.050, RSMo., committed the *class A felo-*

*ny* of assault in the first degree punishable upon conviction under Section 558.011.1(1), RSMo., in that on or about the 16th day of June, 1985, in the County of St. Charles, State of Missouri, the defendant attempted to kill or cause serious physical injury to Steve Saeuberlich by shooting him, and in the course thereof inflicted serious physical injury on Steven Saeuberlich.

2. Defendant's fifth point alleges:

V. APPELLANT WAS DENIED A FAIR TRIAL ON ALL CHARGES WHEN THE COURT IMPROPERLY FAILED TO INSTRUCT ON THE FIRST DEGREE ASSAULT CHARGES AS ENUMERATED IN CLAIM I OF THIS BRIEF, ALL IN VIOLATION OF THE 5TH, 6TH AND 14TH AMENDMENTS TO THE US CONSTITUTION.

charged with two counts of armed criminal action based on these assault charges. As stated previously, the crime of first degree assault is a class B felony unless "serious physical injury" is inflicted on the victim. § 565.050.2. The first degree assault charges were submitted to the jury as class A felonies and in accordance with the approved instruction for first degree assault and its Notes on Use, both the general punishment submission for the class B felony and the second punishment submission for the class A felony requiring a finding of "serious physical injury" were given. MAI–CR2d 19.02.1–84 Note on Use 4. The jury found defendant guilty on both counts of first degree assault and imposed punishment within the range of that provided for a class B felony.

Regardless of whether the jury sentenced defendant in accordance with the class A or class B felony, they did convict him on both counts of first degree assault. Classification as a class A felony only enhances the punishment and does not change the charged offense of first degree assault. *See, Clemmons, supra,* at 846.

The crime of armed criminal action, according to § 571.015, is committed when a dangerous instrument is used to effectuate "any felony" except those excluded by subsection 4 of the statute which are not applicable here. *State v. Taylor,* 724 S.W.2d 531, 535 (Mo.App.1986). Thus, even though the jury convicted defendant of the lower grade felonies of class B first degree assault, the trial court did not err in receiving the verdicts on the armed criminal action convictions which were based on the first degree assault convictions. Point denied.

For the foregoing reasons, the judgment of the trial court is affirmed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.