**STATE of Missouri, Respondent,**

v.

**Eugene WARFIELD, Appellant.**

**No. 34597.**

Missouri Court of Appeals,
St. Louis District,
Division No. 1.

March 12, 1974.

Frederick R. Buckles, Asst. Public Defender, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., W. Earl Jacobs, Asst. Circuit Atty., Charles B. Blackmar, Sr., Special Asst. Atty. Gen., St. Louis, for respondent.

WEIER, Judge.

Defendant was tried by the court after waiving a jury. He was found guilty of the offense of stealing over $50.00 and was sentenced to two years' imprisonment. On appeal, he contends that the court erred in permitting an amendment of the information once trial had commenced, all to his prejudice.

The conviction arose out of an occurrence on the evening of October 26, 1971. Facts favorable to the verdict indicated that the defendant approached a filling station attendant with a proposal to exchange what appeared to be rolls of twenty-five cent coins for paper bills in larger denominations. After an exchange was made, the station attendant discovered that the rolls were mainly composed of washers with twenty-five cent pieces at either end. The original information charged defendant with stealing money without the consent of the owner. On January 6, 1972, the date of the trial, the state by leave of court filed an amended information charging defendant with stealing money by means of deceit. After an opening statement was made by the circuit attorney, defendant's

counsel moved to discharge the defendant on the basis that the information was fatally defective in that he was to be tried on a charge of stealing by deceit rather than stealing without consent as · originally charged. The court determined that the amendment was proper and allowed the case to proceed.

Rule 24.02, V.A.M.R., provides that an information may be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced. The state cannot by way of amendment of an information charge an offense distinct and different from that charged in the original information unless the amendment charges a lesser included offense. State v. Gladies, 456 S.W.2d 23, 25 [3] (Mo.1970).

The issue here first necessitates a determination of whether § 560.156(2), RSMo 1969, V.A.M.S., involves two separate and distinct offenses or one offense which may be accomplished by two different methods. This section, enacted in 1955, states: "It shall be unlawful for any person to intentionally steal the property of another, either without his consent or by means of deceit." Although at common law there are various types of larceny, the present statute combines all types of larceny, embezzlement, obtaining money by false pretenses, and other similar offenses into one crime, denominated "stealing". State v. Zammar, 305 S.W.2d 441, 443 (Mo.1957). "The object was, of course, to eliminate technicalities, errors in charge and proof, and reversals on account of the complicated nature of the existing situation." State v. White, 431 S.W.2d 182, 184 (Mo.1968). The import of this section was discussed in State v. Wishom, 416 S.W.2d 921, 925 [2] (Mo.1967), where it was stated: "* * * a single offense of stealing is created by the statute. It can be committed in various ways, but there is only a single offense. It covers stealing whether by taking property without one's consent or

by means of deceit." In *Wishom* an information charging stealing by deceit was amended to include additional details of the conduct involved in the deceit. This was held not to charge a different offense.

The language of this statute alone in an information is insufficient. The information must include enough in the way of additional allegations to notify a defendant as to the charge against which he must defend himself to bar further prosecution for the same offense. State v. Kesterson, 403 S.W.2d 606, 609 [2] (Mo. 1966). Whichever method of stealing is charged in the information must be proven and submitted to the jury. State v. White, *supra*, l. c. 186 [5]. Rule 24.02 prohibits an amendment where a different offense is charged. Considering the definition contained in *Wishom, supra,* the statute creates a "single offense". The amendment here did not charge a different offense. The amendment of the information would therefore not be in violation of Rule 24.02 unless it prejudiced substantial rights of the defendant, the other requirement contained in the rule.

Defendant has asserted prejudice on the basis that his defense that the proprietor of the service station consented to the taking of the money was not available to him under the amended information. We do not so narrowly construe the language of the original information. Defendant was originally charged with stealing money on a certain date without the consent of the service station proprietor. The amendment changed the method of stealing the money from the same service station proprietor by means of deceit. The defendant knew that the charge against him arose out of the transaction at the service station on a particular day. Thus, the amended information did not in any way hinder defendant in the preparation of his defense, nor did it call upon defendant to meet evidence which he could not have anticipated from the charge filed against him. Under the facts and circumstances present in this

case, the substantial rights of the defendant were not prejudiced and the trial court did not err in permitting the amendment. State v. West, 484 S.W.2d 191, 195 [4] (Mo.1972) ; State ex rel. Lodwick v. Cottey, 497 S.W.2d 873, 881 [11] (Mo.App. 1973).

The judgment is affirmed.

DOWD, C. J., and SIMEONE and KELLY, JJ., concur.