**STATE of Missouri, Respondent,**

v.

**Lawrence Edward HIGGINS, Appellant.**

**No. 40932.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 4, 1979.

Robert C. Babione, Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A grand jury indicted defendant Lawrence E. Higgins for *stealing* $145. Under an information substituted at trial the jury found him guilty of *stealing by deceit*. The court sentenced defendant as a prior felon to five years' imprisonment. He appeals, contending the trial court erred in permitting the state to amend the charge at trial because it charged a different offense and he was prejudiced thereby.

Defendant does not challenge the sufficiency of the evidence. Two undercover police officers testified defendant agreed to sell them a teaspoonful of heroin for $145; they gave him the money upon his promise to return promptly. He never came back and when arrested admitted keeping the money because, as he told police, "he decided we were just two white boy dopers and decided to rip us off." Defendant testified he could not find the promised heroin, but because the intended purchasers had dis-

played a gun and made threats he was afraid to go back to them. He spent half the money and gave the rest to his wife.

As said, defendant's sole point is error in allowing the state at the close of the state's evidence to file the substitute information, thereby "changing" the charge from stealing to stealing by deceit, and preventing him from preparing a proper defense. Defendant had raised the issue at the close of the state's opening statement, and moved for acquittal at the close of the state's evidence when the amendment was made.

Section 560.156.2 RSMo.1969, made it unlawful "to intentionally steal the property of another, either without his consent or by means of deceit." Rule 24.02 V.A.M.R. allows substitution of an information for an indictment "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

Defendant's contention of a different offense was negated in *State v. White*, 431 S.W.2d 182 [1–3] (Mo.1968), holding: "[A] single offense of stealing is created by the statute. It can be committed in various ways, but there is only a single offense. It covers stealing whether by taking property without one's consent or by means of deceit."

A case akin to ours in principle is *State v. Warfield*, 507 S.W.2d 428 (Mo.App.1974). There, defendant induced the victim to exchange currency for a roll of false coins and was charged with stealing; at trial the information was amended to charge stealing by deceit. Relying on *White*, supra, we denied defendant's contention the amendment charged a different offense. We also denied prejudice, holding: "The amendment changed the method of stealing the money from the same service station proprietor by means of deceit. The defendant knew that the charge against him arose out of the transaction at the service station on a particular day. Thus, the amended information did not in any way hinder defendant in the preparation of his defense, nor did it call upon defendant to meet evidence which he could not have anticipated from the charge filed against him." So it is here.

We hold the amendment neither charged a different offense nor prejudiced defendant. Permitting the indictment to be amended was discretionary with the trial court, *State v. Drake*, 512 S.W.2d 166[15, 16] (Mo.App.1974); *State v. Fleming*, 518 S.W.2d 449[5, 6] (Mo.App.). We find no abuse of that discretion.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.