**STATE of Missouri, Respondent,**

v.

**Jeff WHITE, Appellant.**

**No. WD 31264.**

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

Ollie R. Mack, Columbia, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant was charged by information with two counts of forgery with purpose to defraud by making two checks on or about April 20, 1979, one in the amount of $189.00 and the other in the amount of $350.00, so that they purported to have been made by another. Section 570.090.1(1), RSMo 1978. On the morning of trial the state was granted leave, over the objection of defendant, to file an amended information. The amended information charged defendant with two counts of forgery with purpose to defraud by possessing the same two checks on or about April 20, 1979, for the purpose of using them as genuine, knowing that they had been made so that they purported to have been made by one who had not given such authority. Section 570.090.1(4), RSMo 1978.

A jury found defendant guilty of forgery under both counts of the amended information. His punishment was fixed at two years confinement in the Missouri Department of Corrections on each count, said sentences to run consecutively.

Defendant objected to the amended information at the time it was offered on the grounds that it charged different offenses and substantially prejudiced him, preserved his objections thereto in his motion for new trial, and collectively reasserted the same objections as his sole point of error on appeal.

Defendant does not challenge the sufficiency of the evidence to support the charges on which he stood trial and was found guilty. Briefly, defendant was employed as a finance clerk for the Central Missouri Counties Human Development Corporation, Columbia, Missouri. His employer was the purported maker of the two checks. In the course of his employment defendant had access to blank check forms used by his employer. The evidence was uncontradicted that the signatures of the persons who purported to sign the checks on behalf of defendant's employer were forged. A police officer testified, without objection, that defendant, after being given a Miranda warning, told him "that the rea-son he had written these checks and attempted to cash them was that due to the temptation of working with the checks every day, it had just been too much for him." On April 20, 1979, defendant took the two checks to the bank in Columbia, Missouri, upon which they were drawn and presented them for payment. The bank teller to whom the checks were presented, having been alerted about some possible forgeries concerning the account of defendant's employer, contacted the police and defendant was arrested at the bank.

The parties are in agreement that it is within the trial court's discretion to permit informations to be amended anytime prior to verdict or finding provided that no additional or different offense is charged and substantial rights of the defendant are not prejudiced. Rule 23.08; State v. Aldag, 591 S.W.2d 733, 734 (Mo.App.1979); and State v. Fleming, 518 S.W.2d 449, 451 (Mo.App. 1975). As previously noted, defendant dually contends that the amended information charged him with different offenses and that he was substantially prejudiced. Defendant's single point, due to its bifurcated nature, will be divisibly discussed for sake of clarity.

■ Did the amended information charge defendant with different offenses? Guidance for resolving this question is found in an established line of cases dealing with former Section 560.156.2, RSMo 1969 (L.1955, p. 507, §§ 1, 2, 3, 4), on stealing. Drawing on State v. White, 431 S.W.2d 182 (Mo.1968), and State v. Wishom, 416 S.W.2d 921 (Mo.1967), holding that a single offense of stealing was created by the statute which could be committed by either taking property without one's consent or by deceit, a succession of cases held that an amended information charging stealing by a statutorily recognized method different from the one charged in the original information did not charge a different offense and was permissible. State v. Higgins, 592 S.W.2d 257 (Mo.App.1979); and State v. Warfield, 507 S.W.2d 428 (Mo.App.1974). Section 570.090, RSMo 1978, under which defendant was charged, also creates a single offense, for-

gery, which can be committed by either of four statutorily recognized methods. The original information filed by the state charged defendant with two counts of forgery and the amended information did not charge him with different offenses but merely alleged a different method for perpetrating the same offenses (forgery) originally charged. *State v. Higgins, supra,* and *State v. Warfield, supra,* are sufficiently analogous to the instant situation to serve as authority for rejecting defendant's contention that the amended information charged him with offenses different from those charged in the original information.

■ Did the amended information substantially prejudice defendant? The test for prejudice when an amended information is filed is found in *State v. Taylor,* 375 S.W.2d 58, 63 (Mo.1964): "The test of prejudice is whether a defense under the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after as well as before the amendment." Defendant's argument re prejudice, stripped of all verbiage, is that the state would have had a more difficult task of acquitting itself of its burden of proof under the original information. It is significant that defendant, within the purview of the "test for prejudice" laid down in *State v. Taylor, supra,* has failed to point out any "defense under the charge as originally made" which would not be equally available after the amendment and has also failed to raise or mention any evidence known to him which would not have been "equally applicable" after as well as before the amendment. Defendant was aware that both the original and amended information charged him with forgery concerning the same two checks ostensibly drawn on his employer's bank account. Of even more telling significance is the fact that when the state asked leave to file the amended information defendant did not seek a continuance or attempt to point out to the trial court any areas of evidence purportedly injected by the amended information which he had not had a sufficient opportunity to investigate or to direct appropriate discovery. Defend-

ant's complaint that the amended information substantially prejudiced him is rejected after being placed in proper perspective and measured by the "test for prejudice" enunciated in *State v. Taylor, supra.*

Judgment affirmed.

All concur.