STATE of Missouri, Respondent,

v.

Junior BRADSHAW, Appellant.

No. 44980.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 26, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1982.

Robert C. Wolfrum, Asst. Public Defender, St. Charles, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Appellant was found guilty by a jury of stealing over $150, a class C felony, § 570.-030(3)(1),[1] and was sentenced to three years imprisonment. We affirm.

Briefly summarized, the evidence was that on January 22, 1981, at approximately 9 p.m., Michael McNeil was talking on the telephone in the Herleo Corporation building in Troy, Missouri, when he heard people shouting and the sound of metal striking metal. When McNeil looked outside he saw a cylinder of fencing rolling into a ditch and several fence posts in the area of the ditch.

McNeil then saw appellant and a companion standing on the opposite side of the fence, throwing material over the fence. McNeil called the police, who arrived a short time later only to find that the suspects had left the scene without the goods. An investigation revealed that the fencing and fence posts, valued at approximately $400, had been taken from Farmer's Elevator, Inc., which is located adjacent to the field where McNeil saw appellant and his companion.

Appellant first alleges that the trial court erroneously allowed appellant to be tried and convicted of a class C felony of stealing property with a value of at least $150 because the information against appellant failed to state the value of the goods stolen; therefore, appellant contends he could have only been convicted of the misdemeanor of stealing. § 570.030.

The information in a criminal prosecution must allege the essential facts constituting the offense charged. *State v. Pulis,* 579 S.W.2d 395 (Mo.App.1979). The information in this case charged:

[T]hat said defendant, Junior Bradshaw on the 22nd day of January A.D. 1981, at the said County of Lincoln did then and there with specific and criminal intent, knowingly, unlawfully, wrongfully, willfully, feloniously, in violation of Section 570.030, RSMO, commit the class C felony of stealing, punishable upon conviction under Sections 558.011.1(3) and 560.011, RSMo, in that the defendant appropriated two rolls of hog wire and ninety steel fence posts, which said property was owned by Farmers Elevator, Inc., and defendant appropriated such property without the consent of Farmers Elevator, Inc., and with the purpose to deprive them thereof.

When the State sought to introduce evidence at trial proving the value of the goods stolen, appellant objected. The State then sought leave to amend the information to add the phrase: "of a value of at least $150." The trial court granted this motion. Appellant asserts that the amendment to

1. All statutory references refer to RSMo (1978).

the information changed the offense originally charged to a different offense.

▆ Appellant is correct in his assertion that "[t]he state cannot by way of amendment of an information charge an offense distinct and different from that charged in the original information unless the amendment charges a lesser included offense." *State v. Warfield,* 507 S.W.2d 428, 430 (Mo.App.1974); see Rule 23.08. In 1955 the legislature repealed 59 sections of the statutes which dealt with offenses against property and enacted new sections which consolidated larceny, embezzlement, obtaining money or property by false pretenses and other similar offenses into a single offense of stealing. *State v. Wishom,* 416 S.W.2d 921, 924–925 (Mo.1967). This is also true of the present statute, § 570.030, in which the essential elements of stealing are: (1) an appropriation, (2) of property or services, (3) of another, (4) with the purpose to deprive the other thereof, (5) accomplished (a) without the owner's consent, (b) by means of deceit, or (c) by means of coercion. *See* Comment to 1973 Proposed Code following § 570.030.

▆ The original information set forth all the necessary facts to state the crime of stealing; the value of the goods was not a necessary element to constitute the offense of stealing. The amendment to the information did not charge the appellant with a different offense, but provided for an increased punishment for that offense. We rule this point against appellant.

▆ In addition to ruling that the amendment to the information did not state a different offense, we must decide if appellant's substantial rights were prejudiced by such an amendment. *State v. White,* 608 S.W.2d 134, 136 (Mo.App.1980); *State v. Wishom,* 416 S.W.2d at 924–925; Rule 23.08. The test, when an amended information is filed, is "whether a defense under the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after as well as before the amendment." 608 S.W.2d at 136, quoting *State v. Taylor,* 375 S.W.2d 58, 63 (Mo.

1964). The information filed against appellant specifically charged that appellant had committed a class C felony of stealing in violation of § 570.030. The fact that the information stated that appellant was being charged with a *class C felony* (emphasis added) was enough to put appellant on notice that he was being charged with a felony and not a misdemeanor. *State v. Drake,* 512 S.W.2d 166, 173 (Mo.App.1974). At no time was the defendant precluded from raising any defenses he may have had prior to the amendment. In addition, Rule 24.04(b)(2) requires that:

> Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial .... Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.

If appellant was uncertain of the ambiguity, such an objection should have been made in a pretrial motion.

▆ Appellant's remaining contention challenging the sufficiency of the evidence was not preserved in his motion for new trial and therefore, is not preserved for appellate review. We have considered this point ex *gratia* and find it is without merit.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.