STATE of Missouri, Respondent,

v.

Michael Vernon BOSCHERT, Appellant.

No. 48579.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 16, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 5, 1985.

Application to Transfer Denied
Aug. 7, 1985.

Robert J. Maurer, Asst. Public Defender, Office of Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Defendant-appellant Michael Vernon Boschert appeals from a fifteen-year sentence imposed by the trial court based on a jury conviction of attempted rape § 566.030 RSMo Cum.Supp. (1984) and § 558.016.1 RSMo 1978. We affirm.

Defendant, age 30, and prosecutrix, age 17, were acquainted for many years prior to the night of the offense. On that night they both attended a party at the home of the prosecutrix's aunt. They kissed and held hands occasionally during the party. Defendant offered to drive the prosecutrix to her home at the end of the evening. She accepted. When they reached the prosecutrix's house, defendant offered to drive her to a 7–11 store to get cigarettes. She accepted. On the way, defendant stopped his car on the shoulder of the highway, pulled the prosecutrix out of the car, and dragged her by the ankles 30 yards across a field to a concrete culvert into which they both fell. Prosecutrix fought and screamed all the while. They fought for 20–25 minutes. Defendant repeatedly attempted to remove her clothing and periodically struck the prosecutrix. At one point

he tried to remove the prosecutrix's underwear after he had exposed his penis. The fight and attempted sexual intercourse ended when the prosecutrix convinced the defendant to give up. He then drove her back to her aunt's house and departed.

■ Initially, defendant argues that the trial judge erred by denying his motion for an acquittal on the charge of attempted rape because the state's evidence shows that defendant's intent to rape had been negated. Defendant claims that where a prosecutrix successfully employs reasonable resistance defendant cannot be found to have acted with the purpose to have intercourse despite such resistance. This argument is contrary to the law. Defendant merely abandoned his attempt to rape the prosecutrix after a great deal of resistance by her. Such abandonment is not a defense to attempted rape. *State v. Gilliam*, 618 S.W.2d 733, 734 (Mo.App.1981). Point denied.

■ Next, defendant contends the trial court erred by refusing to instruct the jury for assault in the third degree (§ 565.-070) as a lesser included offense of attempted rape. Defendant proffered an instruction for § 565.070.1(1) which reads:

A person commits the crime of assault in the third degree if:

(1) He attempted to cause or recklessly cause physical injury to another person.

For a crime to be a lesser included offense, the greater of the two offenses must encompass all the legal and factual elements of the lesser crime. § 556.046.1(1); *State v. Van Doren*, 657 S.W.2d 708, 715 (Mo. App.1983). Physical injury is not an element to rape or attempted rape. Point denied.

Lastly the defendant contends that the trial court erred in failing to define the term "serious physical injury" as used in the definitional instruction of "forcible compulsion." This issue has not been preserved for our review. Therefore, we must determine if the omission of this definition resulted in manifest injustice. Rule 30.20.

Verdict director MAI–CR2d 20.02.1 was submitted. The applicable Notes on Use of

MAI–CR2d 20.02.1 (rape) requires that the phrase "forcible compulsion" be defined. As a result the definitional instruction for "forcible compulsion" (MAI–CR2d 33.01) was submitted to the jury, but this definition contains the phrase "serious physical injury." The applicable Notes on Use require that the phrase be defined as "physical injury that creates a substantial risk of death or that causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ. [556.060(24)]" MAI–CR2d 33.-01.

■ Defendant is correct in that the definitional instruction was required but not given to the jury. However, we fail to find any manifest injustice to the defendant considering the transcript of this case reveals no evidence upon which the jury could have made a finding that the victim suffered serious physical injury.

Judgment affirmed.

CRIST and CRANDALL, JJ., concur.