STATE of Missouri, Respondent,

v.

Clarice Y. CAPELTON, Appellant.

No. WD 40128.

Missouri Court of Appeals,
Western District.

May 3, 1988.

Joseph H. Locascio, Sp. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jared Richard Cone, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and TURNAGE and COVINGTON, JJ.

TURNAGE, Judge.

Clarice Capelton was found guilty by a jury of murder in the second degree, § 565.021, RSMo 1986. The court found that Capelton was a persistent offender and assessed punishment at 30 years' imprisonment.

Capelton contends that the information on which she was tried was void because the State had impermissibly filed an amended information which charged a dif-

ferent offense from that charged in the original information. Affirmed.

Capelton does not challenge the sufficiency of the evidence. In March of 1986, on the pretext of looking for apartments, Capelton and a male friend entered an apartment house. While Daniel Tolle was showing the couple an apartment, Tolle was beaten and robbed. He died shortly thereafter from the injuries inflicted.

In April of 1986, Capelton was charged by way of information with murder in the second degree "in that defendant knowingly caused the death of Daniel Tolle by beating him." Thereafter, the State obtained leave to file an amended information which repeated the original information and added thereto:

> and defendant, Clarice Y. Capelton, is further given notice that should the State submit Murder in the Second Degree—felony under Section 565.021.1(2) RSMo, it will be based on the immediate flight from the perpetration of the Class C felony of Stealing From the Person, under Section 570.030, RSMo, against Daniel Tolle.[1]

Capelton contends that the amended information charged an additional or different offense from that charged in the original information, contrary to Rule 23.08. The argument concludes that the court acquired no jurisdiction because a new or different charge was stated in the amendment.

Section 565.021 was enacted in 1983 and amended in 1984. That section provides in part:

1. A person commits the crime of murder in the second degree if he:

(1) Knowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person; or

(2) Commits or attempts to commit any felony, and, in the perpetration or the attempted perpetration of such felony or in the flight from the perpetration

1. This is in the form of MACH–CR 13.04 Notes on Use 2 (1984).

or attempted perpetration of such felony, another person is killed as a result of the perpetration or attempted perpetration of such felony or immediate flight from the perpetration of such felony or attempted perpetration of such felony.

Capelton argues that the original information charged her with murder in the second degree but that the amended information charged her with felony murder in the second degree, which she says is a different offense.

The answer to the argument is found in the language of the statute. Murder in the second degree may be committed by either of two methods so far as applicable here: 1) by knowingly causing the death of another, or 2) if in the perpetration of any felony another person is killed. The crux of the matter is that there is only one offense—murder in the second degree—which may be committed in two ways. Here, the information originally charged that murder in the second degree was committed by knowingly causing the death of Tolle, while the amended information charged murder in the second degree during the immediate flight from the perpetration of the felony of stealing from the person. Both informations charged murder in the second degree, but the amended information added the second method by which murder in the second degree may be committed.

Under similar circumstances, this court held in *State v. Mace*, 665 S.W.2d 655, 660 (Mo.App.1984), that an amended information which alleged a violation of the same statute as the original information, except that it alleged the offense had been committed by a different statutory method, did not charge a different offense. In *Mace*, this court relied upon *State v. White*, 608 S.W.2d 134, 135[1] (Mo.App.1980), in which this court stated that "an amended information charging stealing by a statutorily recognized method different from the one charged in the original information did not charge a different offense and was permissible."

It follows that the amended information in this case, which charged murder in the

second degree but by a different statutory method from that charged in the original information, did not charge a new or different offense.

The judgment is affirmed.

All concur.