STATE of Missouri,
Plaintiff–Respondent,

v.

Timmy Lee WELLS,
Defendant–Appellant.

No. 15427.

Missouri Court of Appeals,
Southern District,
Division Two.

July 20, 1988.

Motion for Rehearing or Transfer to
Supreme Court Denied
July 26, 1988.

Elizabeth A. Bock, Asst. Public Defender, Springfield; for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

A jury has found defendant Timmy Lee Wells guilty of stealing in violation of § 570.030, RSMo 1986, and assault in the third degree in violation of § 565.070.1(1), RSMo.1986. On the charge of stealing, defendant's punishment was assessed at imprisonment for a term of two years and a fine of $1. On the charge of third-degree assault, defendant's punishment was assessed at confinement in the county jail for a period of one year. It was ordered that the sentences be served consecutively. The defendant appeals. We affirm.

In this court, the defendant challenges the sufficiency of the evidence in two respects. It is asserted that the defendant's criminal agency was not established because the evidence of the defendant's identity was too vague and unreliable to overcome his defense of alibi. It is further argued there was no substantial evidence that the defendant's victim sustained that physical injury which is an element of third-degree assault as submitted. In determining whether the evidence was sufficient to support the judgments of conviction, it is not the function of this court to weigh the evidence; it is the function of the jury to determine beyond a reasonable doubt whether the defendant was guilty of the offense charged. And, in assessing the sufficiency of the evidence, we must accept as true all evidence and inferences that tend to support the verdict and disregard all evidence and inferences to the contrary. *State v. Brown*, 660 S.W.2d 694, 698–99 (Mo. banc 1983).

When the crimes charged were committed, Melissa Ellison was working as a cashier at a convenience store in the north part of the city of Springfield, Missouri. Ms. Ellison saw a man whom she identified as the defendant shortly after she came to work at 2 p.m. Although she did not know his name, Ms. Ellison recognized the defendant because she had seen him in the store at least once each day during the three months she had worked there. The defendant came in the store again about 6 or 7 p.m. at which time he bought a package of yeast. About 9 p.m. the defendant again came into the store. After he had been there about five minutes, he approached Ms. Ellison at the cash register and asked for change for a one-dollar bill. When Ms. Ellison opened the register, the defendant reached across the counter and

"shoved" Ms. Ellison hard enough to cause her to fall on her back. As she fell to the floor, Ms. Ellison saw the defendant take the stack of twenty-dollar bills which was in the cash register. There was "more than $150" in the "pile of twenties."

Two other employees were in the store when the money was taken. John Parham, night manager of the store, was in the stockroom with another employee. Parham saw the defendant enter the store shortly before the money was taken, but could not see the defendant while the crime was being committed. Parham had seen the defendant in the store "at least once or twice a day" during the one and one-half years he had worked at the store.

While the case was being investigated, Ms. Ellison and Mr. Parham were asked to view photographic displays in an effort to identify the perpetrator of the offense. Ms. Ellison examined four pages of photographs of black men. Each display contained approximately six photographs. She correctly identified the defendant as the perpetrator of the crime and identified him again at his preliminary hearing. Upon trial, Ms. Ellison identified the defendant positively and without equivocation. It is readily inferable that the defendant is a black male, 21 years of age. He presented evidence of alibi which the jury chose to disbelieve.

We consider the evidence sufficient to establish the defendant's criminal agency. As noted, this court does not undertake to determine the credibility of the witnesses or weigh the evidence in reviewing criminal convictions. *State v. Small,* 423 S.W.2d 750, 751[2] (Mo.1968); *State v. Williams,* 376 S.W.2d 133, 136 (Mo.1964); *State v. Danforth,* 654 S.W.2d 912, 915 (Mo.App. 1983). The jury was at liberty to accept or reject the defendant's testimony that he was elsewhere when the crime was committed. The testimony of a single witness is sufficient to establish the identity of a criminal defendant if the jury believes it beyond a reasonable doubt. *State v. Bolder,* 635 S.W.2d 673, 679[2] (Mo. banc 1982); *cert. denied,* 459 U.S. 1137, 103 S.Ct. 770, 74 L.Ed.2d 983 (1983); *State v. Tucker,* 451 S.W.2d 91, 95[5] (Mo.1970); *State v. Stockdale,* 415 S.W.2d 769, 771–72[2–5] (Mo. 1967). The first assignment of error is without merit.

The defendant further argues, as we have said, that there is no substantial evidence that Ms. Ellison sustained any physical injuries when the defendant pushed her to the floor. Section 565.070.-1(1) provides that a person commits the crime of assault in the third degree if he attempts to cause or recklessly causes physical injury to another person. Section 556.061(20) defines "physical injury" to mean physical pain, illness, or any impairment of physical condition. Ms. Ellison's testimony concerning physical injury inflicted by the defendant was inconsistent. During her direct examination, Ms. Ellison stated at one point that she was not hurt when she was pushed to the floor. At another point she was asked if it hurt when she hit the floor, and she answered "Yeah." Inconsistencies in testimony are proper matters for the jury's consideration in determining what weight and credibility to give to that testimony. An accused is not, however, entitled to an acquittal because of inconsistencies and they do not render the testimony insufficient as a matter of law. *State v. Ofield,* 651 S.W.2d 190, 193 (Mo.App.1983); *State v. Donahue,* 625 S.W.2d 947, 949 (Mo.App.1981). The second assignment of error is also without merit.

We find no error in any respect briefed and submitted in this court. Accordingly, the judgment is affirmed.

PREWITT, P.J., and FLANIGAN and MAUS, JJ., concur.