**STATE of Missouri, Respondent,**

v.

**William L. GREATHOUSE, Appellant.**

**No. WD 42078.**

Missouri Court of Appeals,
Western District.

Feb. 27, 1990.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
April 24, 1990.

Application to Transfer Denied
June 19, 1990.

Raymond L. Legg, Columbia, for appellant.

Victor B. Peters, Pros. Atty., Platte City, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

GAITAN, Presiding Judge.

Defendant, William L. Greathouse, was convicted by a jury of assault in the third degree, a class A misdemeanor, in violation of Mo.Rev.Stat. § 565.070.1(1) (1986), and received a sentence of one hundred and eighty days in the county jail and a fine of two hundred and fifty dollars. The defendant appeals his conviction, contending that the trial court erred in: (1) granting the prosecution leave to file a first amended information on the day of the trial; and (2) overruling the defendant's objection to the introduction of evidence regarding the issuance of two permits to acquire firearms applications and a permit to acquire firearms issued to the defendant's brother-in-law. Judgment reversed and remanded.

Herbert Edmonds managed a trailer park where the defendant's rented trailer home was located. He testified that on October 30, 1988, at approximately 8:00 p.m., he and the owner of the rented trailer, Steven Crawford, drove in Crawford's automobile to the defendant's residence, in order to remove a light meter connected to the rental trailer; the defendant owed Crawford rent and the trailer park money for a past due electricity bill. After removing the meter, the two men went to Edmonds' trailer, which was a short distance from the Greathouse trailer.

The defendant, who was in the trailer, immediately noticed the loss of electricity. He left his trailer and walked to the Edmonds' trailer to check on the power outage. The defendant confronted Edmonds, who was getting out of the Crawford automobile. Edmonds told the defendant that he and Crawford removed the meter for delinquent debts. Upon hearing the explanation, the defendant attempted to grab the meter, which Edmonds held in his hand. Edmonds testified that he and the defendant struggled; that the defendant struck him on the forehead with a semi-automatic pistol. The blow knocked Edmonds to the ground. As he fell, Edmonds struck a piece of metal pipe and allegedly suffered a broken rib. Crawford, responding to Edmonds' cry for help, grabbed the defendant and threw him against the side of a build-

ing. Crawford testified that he slipped and fell on the ground; that as he lay on the ground, the defendant pointed the pistol in his face and told him not to move. Despite the warning, Crawford got up and ran from the scene. The defendant grabbed the meter, which was on the ground, and returned to his trailer.

Edmonds returned to his trailer and called the police. Officers of the Riverside Public Safety Department responded to the scene. After speaking with Edmonds, the officers went to the Greathouse trailer, interviewed the defendant and frisked him. With the defendant's permission, the officers searched his trailer for a semi-automatic pistol. They did not find a pistol, but found a box for a Raven .25 caliber semi-automatic pistol. After their investigation the officers issued to the defendant a general ordinance summons for assault.

Defendant Greathouse testified in his own defense, asserting that Edmonds assaulted him with a flashlight and that he acted in self defense. The defendant denied owning or possessing a gun.

■ In his first point, the defendant contends that the trial court erred in granting the prosecution leave to file a first amended information on the morning of the trial. The original information charged the defendant with a class C misdemeanor of assault in the third degree in that "the defendant knowingly caused physical contact with Herbert P. Edmonds, knowing that such person would regard such contact as offensive or provocative," in violation of § 565.070.1(5). The amended information charged the defendant with a class A misdemeanor of assault in the third degree in that "the defendant recklessly caused physical injury to Herbert P. Edmonds by hitting him with his fists," in violation of § 565.070.1(1). The defendant argues that the amended information charged him with a different and distinct offense than that which he was originally charged, thereby causing substantial prejudice to the defendant.

■ Rule 23.08 provides that "[a]ny information may be amended ... at any time before verdict or finding if no addi-

tional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." *See* Mo.Rev.Stat. § 545.300 (1986). A judgment rendered on an amended information charging a different offense is a nullity because the impermissible amendment rises to a denial of due process of law. *McKown v. State,* 682 S.W.2d 38, 40 (Mo.App.1984). If an amended information charges a different offense, the amended information is inherently prejudicial. "It is patently and undeniably prejudicial to convict a person of a crime with which he has not been charged." *State v. Gladies,* 456 S.W.2d 23, 25 (Mo. 1970). Rule 23.08 is in the *conjunctive* thereby requiring that an information may only be amended if it charges no additional or different offense *and* is not prejudicial to the defendant's substantial rights. *Wickline v. State,* 718 S.W.2d 604, 605 (Mo.App.1986). Thus, the first question presented by defendant's point on appeal is whether § 565.070.1(1) is a different offense from § 565.070.1(5).

The elements of assault in the third degree, a class A misdemeanor as charged under § 565.070.1(1) are: (1) a reckless act which (2) causes physical injury. The elements of assault in the third degree, a class C misdemeanor as charged under § 565.070.1(5) are: (1) a knowing act which (2) causes physical contact which (3) the victim would find offensive or provocative. Physical contact is defined as the touching of the person of another or something so intimately associated with, or attached to his person to be regarded as a part thereof. 6A C.J.S. Assault and Battery § 70 (1975). The touching does not have to be in the form of a blow but may consist of any sort of contact. *Id.* Mo.Rev.Stat. § 556.061(20) (1986) defines physical injury as physical pain, illness or any impairment of physical condition. It is clear that these two terms describe different conditions required to have been caused by the defendant's conduct.

In *State v. Garms,* 750 S.W.2d 702, 704 (Mo.App.1988), the eastern district held that § 565.070.1(5) was not a lesser offense of § 565.070.1(1). The court found that subsection (1) of § 565.070.1, which re-

quired reckless conduct causing physical injury, did not include any of the legal or factual elements of subsection (5), which required proof of a knowing act, physical contact, and a mental condition of the victim. *See also State v. Boschert,* 693 S.W.2d 128, 129 (Mo.App.1985) (physical injury is an element of § 565.070.1(1)). This Court agrees that subsections (1) and (5) do not contain any common, essential elements and, therefore, are two different offenses. Additionally, we note that the two offenses are of different classes, requiring different punishments. While punishment enhancement is not dispositive of a claim that offenses are different, *see State v. Adams,* 741 S.W.2d 781, 785 (Mo.App.1987) (First degree assault, Mo.Rev.Stat. § 565.050 (1986), can be either a class A or class B felony with the distinguishing factor being whether serious physical injury is inflicted on the victim. Classification as a class A felony only enhances punishment, but does not change the offense, *citing with approval, State v. Clemmons,* 682 S.W.2d 843, 846 (Mo.App.1984)), it is a factor to be considered. *See State v. Badakhsan,* 721 S.W.2d 18, 20 (Mo.App.1986) (crime of rape, a class B felony under § 566.030.1 is a different crime than aggravated rape under § 566.030.2).

The state cites to our Court's decision in *State v. Mace,* 665 S.W.2d 655 (Mo.App. 1984) to suggest that § 565.070 creates a single offense which can be committed by different methods, and that therefore, an amended information based on an alternative method did not charge a different offense. We find *Mace* distinguishable. In *Mace* this Court held that an information amending a second degree assault charge from § 565.060.1(1), knowingly causing physical injury to § 565.060.1(2), recklessly causing serious physical injury, did not charge a different offense from the original information. Both subsections were Class D felonies. The original information, as well as the amended information, charged that the defendant inflicted physical injury to the victim. While the quality of evidence necessary to prove serious physical injury is more demanding, "any

evidence available to the defendant regarding the nature and extent of the victim's injuries were equally probative after, as well as before, the amendment." *Id.* at 660. In *Mace,* both informations provided the essential element of physical injury. In the present case, the original information required evidence of physical contact whereas the amended information required a showing of a different element, physical injury.

Both the state in its brief for this case and this Court in *Mace* relied on *State v. White,* 608 S.W.2d 134 (Mo.App.1980) to dispel the validity of an argument that the amended information, in their respective cases, charged a different offense. In *White,* this Court, interpreting Mo.Rev. Stat. § 570.090 (1979), held that a single offense of forgery was created by statute which could be committed by different statutory methods. *Id.* at 135–36. *White* relied on a series of cases which interpreted the statute on stealing to create a single offense that could be committed by different statutory methods. *State v. White,* 431 S.W.2d 182 (Mo.1968); *State v. Wishom,* 416 S.W.2d 921 (Mo.1967); *State v. Higgins,* 592 S.W.2d 257 (Mo.App.1979); *State v. Warfield,* 507 S.W.2d 428 (Mo.App.1974).

We find the cases involving the forgery and stealing statutes to be distinguishable from the case at bar. In both the circumstance of forgery and stealing, the elements of the particular offense have been specifically described by statute and case law. Mo.Rev.Stat. § 570.030.1 (1986) (A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive ... without consent or by means of deceit or coercion); *State v. Bradshaw,* 643 S.W.2d 834, 836 (Mo.App.1982); Mo.Rev.Stat. § 570.090.1 (1986) (A person commits forgery when he used or altered a writing, so that it is false, not made by the purported maker, and used or altered with the purpose to defraud.); *State v. Hardin,* 645 S.W.2d 163, 165 (Mo.App.1982). The broad, general definition of the elements of assault in the third degree are not described or specified by the statute. Furthermore we note that in cases that discuss or describe the ele-

ments of assault in the third degree, the courts have described the elements of § 565.070 in terms of the particular subsection they were reviewing. *See State v. Bowles,* 754 S.W.2d 902, 902–10 (Mo.App. 1988) (§ 565.070.1(4)); *State v. Wells,* 754 S.W.2d 590, 592 (Mo.App.1988) (§ 565.070.1(1)); *State v. Arellano,* 736 S.W.2d 432, 435 (Mo.App.1987) (§ 565.070.1(2)). It is apparent that not all of the various subsections of § 565.070 share common elements which allow for a clear definition of elements for a single offense. Thus the argument of a single offense which may be committed by different methods, applicable to the statutory crimes of forgery and stealing, fails in this case.

Whereas § 565.070.1(1) does not include the same elements as § 565.070.1(5), we find that the judgment rendered on the amended information, which charged a different offense from the original information, is a nullity. We do not need to address the second prong of the test under Rule 23.08 for in finding that the amended information charged a different offense, it is obvious that the defendant's substantial rights were impaired. *State v. Couch,* 523 S.W.2d 612, 615 (Mo.App.1975). Since this case is reversed on point one, we will not address defendant's second point on appeal.

We reverse the judgment, the conviction and sentence are vacated, and the case is remanded for new trial on the original information or the original information may be dismissed and the state may proceed on a new information.

MANFORD, J., dissents in separate opinion.

MANFORD, Judge, dissenting.

I must dissent.

The majority opinion herein, in one fell swoop, attempts to prescribe a definition to Rule 23.08 which this writer feels is not supported by the wording of that Rule.

The pertinent part of Rule 23.08 reads:

Any information may be amended or substituted for an indictment at anytime before verdict or finding if no additional

or different offense is charged *and* if a defendant's substantial rights are not thereby prejudiced. (emphasis added)

To this writer, the rule is in the conjunctive. It prohibits amendment if a different and/or additional offense is charged and as a result thereof, the accused is prejudiced by such amendment.

The majority opinion concludes that an amendment charging an additional or different offense is inherently prejudicial. It seems to this writer that if that were correct, Rule 23.08 would have simply declared that to be the case. It does not, and that suggests to this writer that more is required; to wit, that the accused suffered some prejudice as a result of the amendment over and above the mere revision of the charge.

Take the case at hand. The majority opinion merely references the fact that an amended information was sought by the prosecution and that request was approved by the trial court. The majority opinion then merely references the claim of substantial prejudice by Greathouse.

The record herein reveals that a plea agreement had been attempted, which apparently failed. The prosecution notified Greathouse through his counsel that an amendment would be requested the week prior to trial. In other words, Greathouse knew of the charge (subject to approval by the trial court) against him not on the morning of trial but actually the week before. Where is the prejudice? This writer submits that there was none and the majority opinion simply ignores that inquiry by its declaration of inherent prejudice.

The prior notice alerted Greathouse in ample time to prepare a defense or to request additional time to prepare a defense prior to trial. He requested no additional time. Again, where is the prejudice? Again, this writer submits that there was none.

In this writer's judgment, the phrase "substantial rights" in relation to this Rule means two things: first, that an accused has been informed, by an information, of the charges against him and is given ample opportunity to defend against those charges; and second, that if acquitted, the accused can never be charged and convicted of the offense ever again. *See State v. Henderson*, 750 S.W.2d 507 (Mo.App.1988).

This writer submits that Greathouse's substantial rights were not violated. As noted previously, he was notified through counsel of the charge upon which the state intended to proceed. Even the majority would have to concede that had he been acquitted, the state would have been forever barred from subsequent prosecution upon the charge.

This writer does not share the majority's analysis of a separate and distinct offense under this statute and simply feels that the rule set forth in *State v. Garms, supra,* relied upon the majority, is an improper analysis of the statute. The rule adopted in *State v. Mace, supra,* is not only a more appropriate interpretation of statutory law, but it prevents the shunted approach to interpretation of the rules as is provided for in the majority opinion herein.

Again, this writer asks where, short of the inappropriate conclusion of inherent prejudice declared by the majority opinion herein, is the prejudice suffered by Greathouse? His substantial rights to know the charge, with opportunity to defend, coupled with the safeguard against a second or multiple prosecution for the same charge, have not been violated.

The majority opinion has nullified the conjunctive, and the most important aspect of this rule, by its declaration of inherent prejudice.

The judgment of conviction should be affirmed.