**STATE of Missouri, Plaintiff–Respondent,**

v.

**Clifford James RUTH, Defendant–Appellant.**

**No. 17297.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 1, 1992.

Emmett D. Queener, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., for plaintiff-respondent.

SHRUM, Presiding Judge.

The defendant Clifford James Ruth was found guilty by a jury of felony stealing and sentenced as a prior offender to a term of six years with the Department of Corrections. He appeals, contending the trial court erred in permitting the state to amend its information on the day of trial and in denying his oral motion for a continuance. We conclude the trial court did not abuse its discretion in either matter, and we affirm the judgment.

### FACTS

On May 7, 1990, the defendant was charged with stealing a truck cab "sleeper" in violation of § 570.030.1.[1] The information also charged the offense was a class C felony because the value of the sleeper was $150 or more. Section 570.030.3(1).

Immediately prior to the October 18, 1990, trial, the state sought leave of court to file a second amended information in which it no longer assigned a value to the sleeper. In the second amended information, the state also alleged that the defendant had two prior stealing convictions and that he was a prior offender (§ 558.016) because of a burglary conviction.[2]

The defendant's attorney orally requested a continuance because the second amended information "changes our theory of defense, and I'm not prepared to try the case based on the allegations in the [amended] information. And I'd also submit that the rap sheet on the defendant that we were provided by the prosecuting attorney did not include the—one of the stealing priors which he has alleged in the information."

The trial court permitted the state to file the second amended information and denied the defendant's motion for a continuance. Outside the hearing of the jury, the state offered various exhibits as evidence of the defendant's prior convictions, and the trial court found on the record that the defendant had pleaded guilty to a class A misdemeanor stealing charge on December 27, 1989, and to a class C felony stealing charge on February 20, 1987, and that he was a prior offender under § 558.016 because he had pleaded guilty to a second degree burglary charge on July 11, 1983.

---

1. All statutory references are to RSMo 1986, unless otherwise indicated. Section 570.030.1 provides: "A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion."

2. The docket sheet indicates an amended information was filed August 22, 1990. The August 22 information does not appear in the legal file. We presume that the deletion of the value of the appropriated property and the addition of the two prior stealing convictions occurred for the first time in the second amended information and did not occur in the August 22 information.

There was testimony that the defendant and two other men removed the sleeper from a dilapidated barn where it had been stored some seven years and took it to a scrap metal dealer who paid them $35 for it. The gist of the defendant's closing argument was that the sleeper was abandoned, that he and the other men were scavenging for "junk" when they took the sleeper, and that the value of the sleeper was less than the statutory $150 minimum for a felony stealing conviction.

The sole verdict directing instruction given by the court was for felony stealing. The instruction, a faithful reproduction of MAI–CR 324.02.1, omitted paragraph Fourth in accord with Notes on Use 7, thereby requiring no finding by the jury about the value of the sleeper. The jury returned a guilty verdict, and the court sentenced the defendant as a prior offender.

On appeal, the defendant contends the trial court erred in permitting the state to file the second amended information immediately prior to trial and in denying his motion for a continuance because the second amended information charged a new offense and it negated his defense that the sleeper was worth less than $150. We review for abuse of discretion. *State v. Moton*, 733 S.W.2d 449, 451[1] (Mo.App. 1986); *State v. Edwards*, 657 S.W.2d 343, 345[1] (Mo.App.1983).

■ Supreme Court Rule 23.08 provides in part: "Any information may be amended ... at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." The value of the appropriated property is not an element of the offense of stealing. § 570.-030.1; *State v. Bradshaw*, 643 S.W.2d 834, 836[3, 4] (Mo.App.1982). Thus the deletion of an allegation of the sleeper's value did not charge the defendant with an additional or different offense.

■ Nor did *the addition of the allegations* concerning the defendant's two prior stealing convictions charge an additional or different offense. The allegations of two prior stealing convictions brought into play § 570.040.1, which provides, "Every person who has been previously convicted of stealing two times, and who is subsequently convicted of stealing is guilty of a class C felony and shall be punished according." In applying predecessor statute § 556.285, RSMo Supp.1953 (repealed),[3] the Missouri Supreme Court observed, "The allegations of the prior convictions are not charges of distinct crimes but are merely to disclose facts bringing the new offense within the statute and for determining the criminality of the new offense." *State v. King*, 365 Mo. 48, 52, 275 S.W.2d 310, 312 (1955). The purpose of specifying in an information that the value of the appropriated property is $150 or more is to provide for increased punishment. § 570.030.3(1); *Bradshaw*, 643 S.W.2d at 836[4]. Section 570.040.1 serves the same purpose; it does not charge an additional or different offense.

■ Rule 23.08 also requires that we decide if the defendant's substantial rights were prejudiced by the amendment of the information. *Bradshaw*, 643 S.W.2d at 836[5]. The test of prejudice is "whether a defense under the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after as well as before the amendment." *State v. Taylor*, 375 S.W.2d 58, 63[10] (Mo.1964).

■ The defendant argues, "The value of the property allegedly stolen was very much in issue, and the second amended information denied Mr. Ruth a defense of the issue of value...." The defendant

---

**3.** § 556.285 provided:

Every person who shall have been convicted three times of larceny in any degree and who subsequently shall steal, take and carry away any goods, wares or merchandise or other personal property, regardless of the value thereof, shall be guilty of grand larceny and, upon conviction, shall be punished by imprisonment in the penitentiary not exceeding five years or in the county jail not exceeding one year, or by fine not exceeding one thousand dollars, or by both such fine and imprisonment.

misconceives the elements of stealing as set out in § 570.030.1. The value of the appropriated property is not an element of the offense. Evidence concerning the value of the sleeper did not provide the defendant a defense to the charge of stealing under the original information; thus, the absence of an allegation of value in the second amended information did not deprive him of a defense.

■ Nor was the defendant prejudiced because the second amended information based the felony status of the instant charge on his two prior stealing convictions rather than on the value of the appropriated property. Although the invocation of § 570.040.1 rendered a dispute over the value of the sleeper irrelevant, *State v. Duvall,* 787 S.W.2d 798, 800 (Mo.App.1990), thereby lessening the burden on the state to obtain a class C felony conviction, it does not necessarily follow that the defendant was prejudiced by the state's use of evidence of his prior stealing convictions to charge a felony. Although his trial attorney complained that the "rap sheet" provided by the prosecutor did not include one of the prior stealing convictions, the defendant is presumed to be aware of his own criminal record. The defendant does not challenge the existence or validity of the prior convictions, and the prior stealing convictions had no bearing on proof of the elements of the instant offense. Under these circumstances, the second amended information could cause no prejudice to the defendant. *See State v. Brown,* 729 S.W.2d 224, 226 (Mo.App.1987).

The trial court did not abuse its discretion in permitting the state to file the second amended information.

■ In a separate point relied on, the defendant challenges the trial court's denial of his request for a continuance following the amendment to the information. The second sentence of Rule 23.08 states, "No such amendment or substitution shall cause delay of a trial unless the court finds that a defendant needs further time to pre-

pare his defense by reason of such amendment or substitution." On appeal, the defendant must show that denial of his request for a continuance prejudiced his defense. *Edwards,* 657 S.W.2d at 345[1]. Under this point, the defendant makes no argument regarding prejudice apart from those arguments we already have ruled against him. The court did not abuse its discretion in denying the defendant's request for a continuance.[4]

The judgment is affirmed.

FLANIGAN, C.J., and MAUS, J., concur.

---

4. We do not reach the state's argument that the defendant's request for a continuance did not

comply with applicable supreme court rules.